UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
In re:                                              :
                                                    :
EDWARD JAMES O'HARA,                                :
                                                    :     **MEMORANDUM &**
Debtor.                                             :     **ORDER GRANTING**
                                                    :     **APPELLEE'S MOTION**
EDWARD JAMES O'HARA,                                :     **TO DISMISS APPEAL**
                                                    :
                      Appellant,                    :     24-CV-00015 (VDO)
                                                    :
      -against-                                     :
                                                    :
U.S. BANK NATIONAL ASSOCIATION, AS                  :
TRUSTEE FOR LEHMAN XS TRUST MORTGAGE                :
PASS-THROUGH CERTIFICATES, SERIES 2006-             :
12N,                                                :
                                                    :
                      Appellee.                     :
                                                    x
-----------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-12N ("Appellee") moves to dismiss the appeal filed on January 4, 2024, by Edward James O'Hara, the individual debtor in the underlying bankruptcy proceeding ("Debtor" or "Appellant"). Debtor filed this appeal from an Order of the United States Bankruptcy Court for the District of Connecticut ("the Bankruptcy Court"). *See In re O'Hara*, No. 23-50400 (JAM) (Bankr. D. Conn.), ECF No. 77. The Order lifted the automatic stay provided in 11 U.S.C. § 362(a) and granted Appellee *in rem* relief from the stay. For the reasons set forth below, the Court **grants** Appellee's motion to dismiss (ECF No. 23).

**I.      BACKGROUND**

The Court assumes the parties' familiarity with the underlying facts and repeats only those necessary for deciding the instant motion.

Debtor filed the instant Chapter 7 case on July 11, 2023. *See In re O'Hara*, No. 23-50400 (JAM) (Bankr. D. Conn.). On November 17, 2023, Appellee moved for *in rem* relief from the automatic stay provided in 11 U.S.C. § 362(a). (ECF No. 43.) Debtor objected to the motion, and the Bankruptcy Court held a hearing on December 19, 2023. (ECF No. 75.) Following the hearing, the Bankruptcy Court issued an order lifting the automatic stay, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2). It also granted Appellee *in rem* relief from the automatic stay as to Appellant's property. (ECF No. 77.) The Bankruptcy Court noted in the order that a foreclosure action has been pending in state court for seven years. (*Id.*) It also noted that this bankruptcy case was Debtor's third case before the Bankruptcy Court. (*Id.*) In one of the earlier cases, the Bankruptcy Court had made a finding that Debtor filed a Chapter 13 petition in order to delay a foreclosure action pending in Connecticut state court since 2013. *See In re O'Hara*, No. 16-51249 (JAM) (Bankr. D. Conn. 2018), ECF No. 127. In its order lifting the stay, the Bankruptcy Court made three determinations: (1) cause existed to grant Appellee's motion; (2) Appellant's property was not necessary for an effective reorganization under 11 U.S.C. § 362(d)(2); and (3) Appellant's petition was "part of a scheme to delay, hinder, or defraud creditors[.]" (ECF No. 77.)

On January 4, 2024, Appellant filed a Notice of Appeal in this court. (*See* ECF No. 1.) He maintained that he had filed his Chapter 7 case in good faith and suggested that the Bankruptcy Court overlooked key facts when it lifted the automatic stay. (*Id.* ¶¶ 1, 5.) Appellee moved to dismiss the appeal on March 28, 2024, and Appellant objected to the motion on April 16, 2024. (ECF Nos. 23, 24.)

## II. LEGAL STANDARD

A bankruptcy court's conclusions of law are reviewed *de novo*, and its findings of fact are reviewed for clear error. *See In re Bennett Funding Grp., Inc.*, 146 F.3d 136, 138 (2d Cir. 1998). A district court reviews the decision to grant relief from an automatic stay for abuse of discretion. *See id.*

A court "abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *EEOC v. KarenKim, Inc.*, 698 F.3d 92, 99–100 (2d Cir. 2012) (internal quotation marks omitted). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

## III. DISCUSSION

In lifting the automatic stay, the Bankruptcy Court relied on sections 362(d)(1), (d)(2), and (d)(4) of title 11 of the United States Code. Section 362(d)(1) allows the court to grant relief from the automatic stay provided "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" Of relevance here, section 362(d)(2) allows a court to lift the stay as to property if the "property is not necessary to an effective reorganization[.]" Finally, section 362(d)(4) permits a court to lift a stay upon finding "that the

3

filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either . . . transfer of all or part ownership of . . . such real property without the consent of the secured creditor or court approval; or multiple bankruptcy filings affecting such real property."

This Court concludes that the Bankruptcy Court did not abuse its discretion when it lifted the automatic stay. As to section 362(d)(1), "cause" exists when a bankruptcy court finds that a bankruptcy filing was made in bad faith. *Holt v. JP Morgan Chase Bank, N.A.*, No 17-CV-07901 (NSR), 2019 WL 192298, at *1 (S.D.N.Y. Jan. 15, 2019). Several factors suggest a bad faith filing, including (1) "the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights," (2) multiple bankruptcy petitions filed by the debtor, and (3) a bankruptcy petition filed "on the eve of a foreclosure." *Id.*; *In re AMC Realty Corp.*, 270 B.R. 132, 141 (Bankr. S.D.N.Y. 2001); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 137 (Bankr. S.D.N.Y. 2000).

The analysis under section 362(d)(1) "overlaps substantially" with the court's analysis under section 362(d)(4). *In re Cameron*, No. 18-CV-01165 (JCH), 2019 WL 1383069, at *7 (D. Conn. Mar. 27, 2019); *see In re Misenti*, No. 17-51282 (JAM), 2018 WL 3013199, at *2 (Bankr. D. Conn. June 14, 2018) (noting that the timing between the debtor's bankruptcy petition and foreclosure sale date was evidence of a "scheme to hinder, delay, and defraud" creditors); *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (noting that "bankruptcy courts may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone") (internal quotation marks omitted).

The record before the Court is replete with evidence that Appellant acted both in bad faith and with an intent "to delay, hinder, or defraud[.]" *See* 11 U.S.C. § 362(d)(4). First, the Court notes that Appellant has filed three bankruptcy cases. *In re O'Hara*, No. 23-50400

4

(JAM) (Bankr. D. Conn.), ECF No. 77 at 1. Multiple bankruptcy petition filings indicate bad faith on Appellant's part. *See Holt*, 2019 WL 192298, at *1. In addition, Appellant filed his first Chapter 13 petition on September 19, 2016, shortly before the scheduled sale date. The proximity between the two further suggests bad faith. *See In re Eclair Bakery Ltd.*, 255 B.R. at 137. As the Bankruptcy Court noted in its order lifting the automatic stay, it had already imposed a one-year filing bar on Appellant pursuant to one of his Chapter 13 cases. *In re O'Hara*, No. 23-50400 (JAM) (Bankr. D. Conn.), ECF No. 77 at 1. In dismissing that earlier case with prejudice, the Bankruptcy Court concluded that Debtor had filed the petition to delay a foreclosure action pending since 2013 in Connecticut state court. (*Id.*) In sum, the record amply supports the Bankruptcy Court's conclusion that Appellant acted in bad faith.

In addition, Appellant appears to have raised meritless arguments before the Bankruptcy Court. *See In re Khan*, 593 F. App'x 83, 85 (2d Cir. 2015) (upholding the bankruptcy court's finding of bad faith where the record revealed "[a] general pattern of groundless litigation in the bankruptcy courts, premised not on actual disputes . . . but rather on frivolous, obstructive objections to the bankruptcy system"); *In re Cameron*, 2019 WL 1383069, at *8 (discussing the "groundless and repetitive litigation" in which debtors engaged). At the hearing on the motion to lift the stay, the Bankruptcy Court explained to Appellant that it could not disturb a state court judgment; in addition, it noted that many of his arguments were irrelevant to the issue at hand, namely, the motion to lift the stay. *In re O'Hara*, No. 23-50400 (JAM) (Bankr. D. Conn.), ECF No. 107 at 7, 11. The Bankruptcy Court even remarked at the hearing: "So Mr. O'Hara, I think you and I have had this conversation before, and if we haven't, that's fine." (*Id.* at 8). Debtor raises these same arguments or similar ones in his opposition to Appellee's motion to dismiss, pending before this Court. (*See* ECF No.

5

24.) For instance, he disputes the value of the property and suggests that an attorney in the foreclosure action filed a "false and fraudulent second proof of claim." (*Id*. at 2, 4.) These arguments are irrelevant to the motion to dismiss. If anything, these recycled arguments confirm that the Bankruptcy Court did not err when it concluded that Appellant was acting in bad faith, hoping to delay the foreclosure.

The Court concludes that the Bankruptcy Court did not abuse its discretion in lifting the automatic stay provisions. The record supports the Bankruptcy Court's determination that Appellant's Chapter 7 case was filed in bad faith as part of "a scheme to delay, hinder, or defraud creditors[.]" *See* 11 U.S.C. § 362(d)(4).

### IV. CONCLUSION

For the foregoing reasons, Appellee's motion to dismiss is **GRANTED**. All pending motions are denied as moot. The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Hartford, Connecticut
September 27, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

6